The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER K. FINLAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. C20-00005-JCC<br><br>**UNITED STATES' ANSWER** |

COMES NOW the Defendant, United States of America, by and through its counsel, Brian T. Moran, United States Attorney for the Western District of Washington, and Kristin B. Johnson, Assistant United States Attorney for said District, on behalf of its agency, the U.S. Department of Agriculture ("USDA"), and in answer to Plaintiff's First Amended Complaint ("Complaint") states as follows:

## **INTRODUCTION**

1.1 The United States admits the allegations in Paragraph 1.1 of Plaintiff's Complaint except that the United States denies that Herman Sedillo was driving a Ford Fusion, that the vehicle was owned by USDA, and that Mr. Sedillo was acting with the course and scope of his employment at the time of the accident.

UNITED STATES' ANSWER - 1
(C20-00005-JCC)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1.2 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1.2 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

1.3 The United States admits the allegations in the first sentence of Paragraph 1.3 of Plaintiff's Complaint.  The United States is currently without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1.3 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

1.4 The United States admits the allegations in the first sentence of Paragraph 1.4 of Plaintiff's Complaint.  The United States is currently without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1.4 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

1.5 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1.5 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

## II. PARTIES

2.1 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 2.1 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

2.2 The United States admits that Mr. Sedillo was employed by USDA.  The United States is currently without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 2.2 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

UNITED STATES' ANSWER - 2
(C20-00005-JCC)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

### III. JURISDICTION & VENUE

3.1 The allegations in Paragraph 3.1 of Plaintiff's Complaint are statements of jurisdiction that contain legal conclusions to which no answer is required. To the extent an answer is required; the United States denies said allegations and puts Plaintiff to his proof.

3.2 The allegations in Paragraph 3.2 of Plaintiff's Complaint are statements of venue that contain legal conclusions to which no answer is required. To the extent an answer is required; the United States denies said allegations and puts Plaintiff to his proof.

3.3 The United States admits that the USDA received a Standard Form 95 dated April 17, 2019 related to this accident. The United States denies the remaining allegations in Paragraph 3.3 of Plaintiff's for lack of information. The remaining allegations also contain legal conclusions to which no answer is required. To the extent an answer is required; the United States denies said allegations and puts Plaintiff to his proof.

### IV. FACTUAL ALLEGATIONS

4.1 The United States incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

4.2 The United States admits the allegations in Paragraph 4.2 of Plaintiff's Complaint.

4.3 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.3 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.4 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.4 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.5 The United States admits the allegations in Paragraph 4.5 of Plaintiff's Complaint.

UNITED STATES' ANSWER - 3
(C20-00005-JCC)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970

4.6 The United States denies that Mr. Sedillo was driving a Ford Fusion that was owned by USDA.  The United States admits the remaining allegations in Paragraph 4.6 of Plaintiff's Complaint.

4.7 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.7 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.8 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.8 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.9 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.9 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.10 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.10 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.11 The United States admits the allegations in the first sentence of Paragraph 4.11 of Plaintiff's Complaint.  The United States is currently without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 4.11 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.12 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.12 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

UNITED STATES' ANSWER - 4
(C20-00005-JCC)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970

4.13 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.13 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.14 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.14 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.15 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.15 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.16 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.16 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.17 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.17 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.18 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.18 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.19 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.19 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

UNITED STATES' ANSWER - 5
(C20-00005-JCC)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

4.20 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.20 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.21 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.21 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.22 The United States is currently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.22 of Plaintiff's Complaint and therefore denies the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

## V. CLAIMS

5.1 The United States re-alleges and incorporates by reference as if set forth fully herein the statements above.

5.2 The allegations in Paragraph 5.2 of Plaintiff's Complaint are statements of law to which no answer is required.  To the extent an answer is required; the United States denies said allegations and puts Plaintiffs to his proof.

5.3 The allegations in Paragraph 5.3 of Plaintiff's Complaint are statements of law to which no answer is required.  To the extent an answer is required; the United States denies said allegations and puts Plaintiffs to his proof.

5.4 The allegations in Paragraph 5.3 of Plaintiff's Complaint are statements of law to which no answer is required.  To the extent an answer is required; the United States denies said allegations and puts Plaintiffs to his proof.

UNITED STATES' ANSWER - 6
(C20-00005-JCC)

**UNITED STATES ATTORNEY**
**700 Stewart Street, Suite 5220**
**Seattle, Washington  98101-1271**
**(206) 553-7970**

5.5 The allegations in Paragraph 5.3 of Plaintiff's Complaint are statements of law to which no answer is required. To the extent an answer is required; the United States denies said allegations and puts Plaintiffs to his proof.

## VI. JURY

6.1 The United States denies the allegations in Paragraph 6.1 of Plaintiff's Complaint. Plaintiff's claims are subject to the limitations of the Federal Tort Claims Act ("FTCA") contained in 28 U.S.C. § 2680, under the FTCA there is no right to a jury trial.

## VII. PRAYER

No response is required to the allegations in Plaintiff's prayer for relief. But to the extent an answer is required; the United States denies the allegations and specifically denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Complaint, and as defenses thereto, the United States alleges as follows:

### FIRST DEFENSE

Plaintiff's recovery, if any, is limited to the amount of the administrative claims which were properly presented to the appropriate Agency. 28 U.S.C. § 2675(b).

### SECOND DEFENSE

To the extent Plaintiff's Complaint addresses allegations of negligence not raised in Plaintiff's administrative claims, they are barred. 28 U.S.C. § 2675(a).

### THIRD DEFENSE

Plaintiff's claims are subject to the limitations of the FTCA contained in 28 U.S.C. § 2680.

UNITED STATES' ANSWER - 7
(C20-00005-JCC)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted under the FTCA because if the defendant were a private person, it would not be liable to Plaintiff under Washington law.

## FIFTH DEFENSE

The injuries and damages alleged in Plaintiff's Complaint were not actually or proximately caused by or contributed to by any intentional, negligent, or wrongful act or omission of any agent, employee, or representative of the United States.

## SIXTH DEFENSE

Plaintiff's injuries and damages, if any, were caused by his own negligent acts or omissions, wrongdoing, or failure to exercise due care on his part.

## SEVENTH DEFENSE

Plaintiff's injuries and damages, if any, were caused by the negligent acts or omissions, wrongdoing, or failure to exercise due care on the part of others over whom the United States has no control.

## EIGHTH DEFENSE

The liability of defendants and responsible parties, named or unnamed, if any should be apportioned according to their respective degrees of fault, and the liability of these defendants, if any, should be reduced accordingly.

## NINTH DEFENSE

Plaintiff's injuries and damages, if any, were caused by other preexisting or unrelated sicknesses, injuries, or other medical conditions.

UNITED STATES' ANSWER - 8
(C20-00005-JCC)

**UNITED STATES ATTORNEY**
**700 Stewart Street, Suite 5220**
**Seattle, Washington  98101-1271**
**(206) 553-7970**

### TENTH DEFENSE

Plaintiff's claims are barred or diminished as a result of his negligent acts or omissions, wrongdoing, failure to exercise reasonable care in mitigating his damages, his contributory negligence, and/or his assumption of the risk.

### ELEVENTH DEFENSE

In the event Plaintiff is awarded a judgment against the United States, he is not entitled to prejudgment interest, punitive damages, or to a jury trial under the Federal Tort Claims Act. 28 U.S.C. § 2674.

### TWELFTH DEFENSE

In the event Plaintiff is awarded attorney's fees against the United States for services rendered in connection with this action, they shall not exceed 25 per centum of the amount of any judgment. 28 U.S.C. § 2678.

### THIRTEENTH DEFENSE

All future damages, if any, must be reduced to present value.

### FOURTEENTH DEFENSE

Plaintiff's damages, if any, must be reduced by the percentage of fault this Court determines to be attributable to persons other than the United States, including but not limited to any and all rights to credit, offset, and/or contributions that the United States may have against Plaintiff.

### FIFTEENTH DEFENSE

In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the negligence of the United States and the Plaintiff's alleged injuries.

UNITED STATES' ANSWER - 9
(C20-00005-JCC)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

SIXTEENTH DEFENSE

Plaintiff's injuries and/or damages, if any, were proximately caused by the intervening or superseding act of one other than an employee or agent of the United States and were not caused by an act or omission of an employee of the United States.

SEVENTEENTH DEFENSE

To the extent Plaintiff's Complaint seeks relief against the United States for alleged Constitutional torts; the action is barred by sovereign immunity.

EIGHTEENTH DEFENSE

The United States reserves the right to any and all such affirmative defenses, or any applicable state and federal statutes, as may become apparent in the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint and having alleged certain affirmative defenses, the United States prays that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing by his Complaint, and that the United States be allowed costs and such other and further relief as the Court deems just and equitable.

DATED this 25th day of March, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

 s/ *Kristin B. Johnson*
KRISTIN B. JOHNSON, WSBA #28189
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
Telephone No. (206) 553-7970
Fax No. (206) 553-4073
E-mail: kristin.b.johnson@usdoj.gov
Attorney for the United States

UNITED STATES' ANSWER - 10
(C20-00005-JCC)

**UNITED STATES ATTORNEY**
**700 Stewart Street, Suite 5220**
**Seattle, Washington  98101-1271**
**(206) 553-7970**